JOURNAL ENTRY AND OPINION
Defendant-appellant Alphonzo K. Smith (Smith; d.o.b. October 23, 1950), a.k.a. Lee Wilson, appeals from the imposition of the maximum available sentence subsequent to his jury trial conviction for the fifth-degree felony of Theft [R.C. 2913.02(A)(2), and (B)(2); the property being $500 or more but less than $5,000]. For the reasons adduced below, we reverse and remand for re-sentencing.
A review of the record on appeal indicates that Smith was on parole from a Robbery conviction at the time of the underlying offense. Smith's trial commenced on May 13, 1999, and concluded on May 14, 1999, with a conviction on the underlying offense involving the theft of miscellaneous jewelry from Sissler Jewelers on East 4th Street, between Euclid and Prospect Avenues, in downtown Cleveland.[1] The trial court proceeded to sentencing Smith to one-year imprisonment immediately following the verdict.
During the sentencing hearing, Smith denied stealing one of the gold chains in issue, that the chain he exerted control over was worth less than what the prosecution's evidence dictated. Smith also denied going to the sales counter and running from the store, however, he ultimately admitted that the figure on the store surveillance videotape seen doing these actions noted by the Court was, in fact, himself. (Tr. 223-225.) Subsequent to this dialogue with Smith, the trial court stated the following:
Good.
 The Court's going to sentence you pursuant to 2929.12.
 The Court's carefully reviewed the facts in this case. I've looked at your record. I sat through it.
 I'm not impressed. I don't believe you're positive in any way. You're not remorseful for the crime. You're obviously guilty of the theft, you're guilty of other thefts with past convictions, and its a crime that has a serious effect on the merchants, the economy, the community, and you deserve imprisonment for it.
 Based on your past history of lack of rehabilitation, the fact you were on parole when this occurred, the Court's going to give you the maximum sentence.
 It's unusual for the Court to give the maximum sentence, but a shorter prison term would demean the seriousness of your conduct, and would not adequately protect the public from you in the future, and in other conduct, and others like you, so we'll sentence you to one year LCI, consecutive to all terms and costs.
 You will be given credit for time served in the case.
Good luck to you, sir. (Tr. 225-226.)
The lone assignment of error states the following:
 I THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM TERM OF INCARCERATION AND (SIC) SETTING FORTH THE MANDATORY FINDINGS REQUIRED BY R.C. §§ 2929.14(C) AND 2929.19(B)(2)(d).
In this assignment, Smith argues that the trial court sentenced him to the maximum available term without making findings pursuant to R.C. 2929.14(C) and .19(B)(2)(d). This argument is found to have merit.
The standard of review relevant to this notice of appeal was recently provided by this Court in State v. Harrison (Mar. 9, 2000), Cuyahoga App. No. 75828, unreported, 2000 WL 263378, at 1:
 R.C. 2929.14(C) allows the sentencing court to impose a maximum sentence upon an offender under certain circumstances. In State v. Edmonson (1999), 86 Ohio St.3d 324, 329, the Ohio Supreme Court determined that in order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria set forth in R.C. 2929.14(C). As pertinent to this appeal, R.C. 2929.14(C) permits the court to impose a maximum sentence "* * * only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, * * *." (Emphasis added.)
 R.C. 2929.19(B)(2)(d) sets forth the procedure required to be followed by a trial court in the imposition of a maximum sentence upon an offender for a single offense. As applicable here, the statute requires the trial court to "make a finding that gives its reasons for selecting the sentence imposed[.]" Edmonson, supra, 328.
Also see State v. Smith (Mar. 9, 2000), Cuyahoga App. No. 75512, unreported, 2000 WL 263405; State v. Berry (Mar. 9, 2000), Cuyahoga App. Nos. 75470 and 75471, unreported, 2000 WL 263733.
The record reflects that the trial court gave two reasons for the maximum term of imprisonment. First, the trial court commented upon the serious effects of the crime upon merchants, the economy, and the community, and that such a sentence was necessary to protect the public. Second, the trial court commented upon Smith's lack of remorse, past criminal record of theft offenses, and the fact that he was on parole at the time of the offense. These comments, by themselves, are not sufficient to comply withEdmonson. At no point did the trial court set forth (1) any of the findings required by R.C. 2929.14(C), to-wit, a recorded finding that Smith fits within one of the categories of offenders in R.C.2929.14(C), or (2) its finding that gives its reasons for the imposition of the maximum sentence pursuant to R.C.2929.19(B)(2)(d). See State v. Edmonson, supra, at 327-329. Absent this compliance, the matter must be remanded for re-sentencing in conformance with the dictates of Edmonson.
This cause is reversed and remanded.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TIMOTHY E. McMONAGLE, P.J., and JOHN T. PATTON, J., CONCUR.
 _________________________ JAMES D. SWEENEY, JUDGE
[1] Smith was chased by store personnel after leaving the store. Smith was caught by these store employees approximately one block away because he * * * ran out of breath, his pants were falling down. (Tr. 108.) Smith gave the jewelry back to the store personnel and ran off, being arrested a short distance later by a Cleveland Police Officer. Fashion has its price.